KILPATRICK STOCKTON LLP
Joseph Petersen (JP-9071)
31 West 52nd Street, 14th Floor
New York, New York  10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
jpetersen@kilpatrickstockton.com

TOWNSEND AND TOWNSEND AND CREW LLP
Gregory S. Gilchrist
(*pro hac vice* application to be submitted)
Gia L. Cincone
(*pro hac vice* application to be submitted)
Two Embarcadero Center, Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
gsgilchrist@townsend.com
glcincone@townsend.com

Attorneys for Defendant
LEVI STRAUSS & CO.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| REVISE CLOTHING, INC., <br><br>             Plaintiff, <br><br>    v. <br><br> LEVI STRAUSS & CO., <br><br>             Defendant. | Case No. 10-cv-5843 (DAB) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**LEVI STRAUSS & CO.'S MOTION TO DISMISS**

# **TABLE OF CONTENTS**

Page

I. FACTS ...........................................................................................................................1

II. REVISE'S ANTICIPATORY DECLARATORY RELIEF ACTION MUST BE
DISMISSED ..................................................................................................................3

    A. The First-To-File Rule Is Ignored For Declaratory Relief Actions .........................3

    B. There Is No Added Convenience To The Southern District of New York..............6

    C. Alternatively, This Action Should Be Stayed or Transferred To The
Northern District of California.................................................................................7

III. CONCLUSION...............................................................................................................8

**TABLE OF AUTHORITIES**

Page

**Cases**

*Budget Rent-a-Car Corp. v. Miljack, Inc.*,
   760 F. Supp. 135 (N.D. Ill. 1991) ........................................................................... 8

*Cannavo v. Enterprise Messaging Servs., Inc.*,
   982 F.Supp. 54 (D. Mass. 1997) ............................................................................. 8

*Capitol Records, Inc. v. Optical Recording Corp.*,
   810 F. Supp. 1350 (S.D.N.Y. 1992) .................................................................... 5, 6

*CGI Solutions, LLC v. SailTime Licensing Group, LLC*,
   2005 U.S. Dist. LEXIS 28878 (S.D.N.Y. 2005) .................................................. 3, 5

*Chicago Ins. Co. v. Holzer*,
   2000 U.S. Dist. LEXIS 8327 (S.D.N.Y. 2000) ......................................................... 4

*Continental Grain Co. v. Barge FBL-585*,
   364 U.S. 19 (1960) .................................................................................................. 7

*Factors Etc., Inc. v. Pro Arts, Inc.*,
   579 F.2d 215 (2d Cir. 1978),
   *cert. denied*, 440 U.S. 908 (1979) .......................................................................... 3

*Falconwood Financial Corp. v. Griffin*,
   838 F. Supp. 836 (S.D.N.Y. 1993) ........................................................................... 7

*Federal Ins. Co. v. May Dep't Stores Co.*,
   808 F. Supp 347 (S.D.N.Y. 1992) ........................................................................... 6

*Gianni Sport Ltd. v. Metallica*,
   2000 WL 1773511 (S.D.N.Y. Dec. 4, 2000) ........................................................... 4

*Great American Ins. Co. v. Houston Gen. Ins. Co.*,
   735 F. Supp. 581 (S.D.N.Y. 1990) ........................................................................... 7

*KMart Corp. v. Key Indus., Inc.*,
   877 F. Supp. 1048 (E.D. Mich. 1994) ..................................................................... 4

*K-Swiss, Inc. v. Puma AG Rudolf Dassler Sport*,
   2009 U.S. Dist LEXIS 64723 (C.D. Cal. 2009) ....................................................... 6

*Mondo, Inc. v. Spitz*,
   1998 U.S. Dist. LEXIS 369 (S.D.N.Y. 1998) .......................................................... 4

*Pacesetter Sys., Inc. v. Medtronic, Inc.,*
    678 F.2d 93 (9th Cir. 1982) .................................................................................................. 3

*Pirone v. MacMillan, Inc.*,
    894 F.2d 579 (2d Cir. 1990) .................................................................................................. 3

*S&S Candies, Inc. v. Hershey Foods Corp.,*
    2000 U.S. Dist. LEXIS 13975 (S.D.N.Y. 2000) ..................................................................... 5

*Ward v. Follett Corp.,*
    158 F.R.D. 645 (N.D. Cal.1994) ............................................................................................ 6

*Xoxide, Inc. v. Ford Motor Co.,*
    448 F. Supp. 2d 1188 (C.D. Cal 2006) .................................................................................. 4

*Z-Line Designs, Inc. v, Bell'O Int'l, LLC*,
    218 F.R.D. 663 (N.D. Cal. 2003) ...................................................................................... 4, 6

**Statutes**

28 U.S.C. § 1404(a) ................................................................................................................... 7

28 U.S.C. § 2201 ......................................................................................................................... 3

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT**
**<u>LEVI STRAUSS & CO.'S MOTION TO DISMISS</u>**

Levi Strauss & Co. moves to dismiss this declaratory relief action in favor of the infringement action that Levi Strauss filed the next day in the Northern District of California. The law provides that declaratory relief actions may not be filed in anticipation of infringement lawsuits in order to defeat the claimant's choice of forum. Here, Revise Clothing, Inc.'s counsel specifically misrepresented that Revise was engaging in settlement discussions in order to avoid the infringement action, all the while plotting this declaratory relief action. Unless the rule against such anticipatory suits is applied here, there would be no reason for parties any longer to attempt to resolve their disputes out of court. To preserve their right to bring an affirmative, infringement action, parties would be forced to file suit first and negotiate later. Revise's gamesmanship should not be rewarded by allowing this action to proceed.

**I.   FACTS**

Levi Strauss's counsel, Marie Seibel, wrote to Revise on July 2, 2010, asserting that the pocket stitching on its Vanilla Star brand jeans infringed and diluted Levi Strauss's Arcuate pocket stitching trademark. The letter invited Revise to provide information and to discuss settlement, and gave Revise a specific deadline to respond. Seibel Decl., Ex. A. On July 13, counsel for Revise, Gordon Troy, responded to Ms. Seibel via email, explaining that his response had been delayed over the July 4 weekend and that he was gathering information in order to respond. He concluded: "I trust that you will provide me with the courtesy of time to appropriately consider this situation and respond accordingly." Seibel Decl., Ex. B.

Mr. Troy wrote to Ms. Seibel on July 21, again by email, apologizing again for the delay, after having explained that his horse was ill and required his attention. Ms. Seibel responded that day, arranging for a call on Tuesday, July 27. Seibel Decl., Ex. C.

1

During the July 27 conversation, Mr. Troy stated that Revise was "very aware" of Levi Strauss's Arcuate trademark, and Ms. Seibel explained that Levi Strauss aggressively protects its marks and that the matter needed to be resolved in order to avoid litigation. Seibel Decl., ¶ 5. Mr. Troy reported his client's supposed view that there was no likelihood that consumers would confuse the designs, but implored that a lawsuit would put his client into bankruptcy. He claimed that the "V" shaped design on Revise's products stood for its "Vanilla Star" brand. He asked what changes could be made to the Vanilla Star design to address Levi Strauss's concerns, and stated again that his client wanted to avoid litigation. Mr. Troy promised to obtain additional samples of the products at issue and suggested his client might not even be using the contested design any longer. Seibel Decl., ¶ 5.

Mr. Troy confirmed this conversation in a letter dated July 30. In that letter, Mr. Troy reiterated his promise to produce samples showing various embellishments of its design. He concluded: "Given the nature of this situation, I am sure you can understand that I need to speak with the client's two principals in order to resolve this matter. One of them is currently traveling overseas and will be out of contact until late next week. I am on holiday from next Wednesday through the Wednesday that follows but plan to be able to respond fully to your requests immediately upon my return." Seibel Decl., Ex. D.

All of these apologies, pleas for more time, and exhortations about avoiding litigation were a ruse. Revise sued Levi Strauss on August 3, 2010, for declaratory relief. The next day, Levi Strauss filed its suit in the Northern District of California -- which it had been holding pending the outcome of Revise's requested settlement discussions. Seibel Decl., Ex. E. Levi Strauss served its lawsuit as soon as possible, on August 6. Seibel Decl., Ex. E.

2

On August 3, the same day the declaratory relief action was filed, Mr. Troy sent Ms. Seibel a letter asking that Levi Strauss waive service. In that letter, Mr. Troy stated, "We strongly disagree with Levi's' claim in this matter and have instituted the current action *in response to what we considered a serious threat of litigation*." Seibel Decl., Ex. G (emphasis added). In response, Levi Strauss's counsel informed Mr. Troy of this motion and asked that he voluntarily dismiss this action. Levi Strauss also noted that under the circumstances, the request for waiver of service was moot. Seibel Decl., Ex. H.

## II.     REVISE'S ANTICIPATORY DECLARATORY RELIEF ACTION MUST BE DISMISSED

### A.     The First-To-File Rule Is Ignored For Declaratory Relief Actions

Although Revise tricked Levi Strauss into holding its affirmative lawsuit so that Revise could be first to file, this Court has equitable discretion to dismiss a declaratory relief action in favor of a later filed case by the true plaintiff. *See Factors Etc., Inc. v. Pro Arts, Inc.,* 579 F.2d 215, 219 (2d Cir. 1978), *cert. denied*, 440 U.S. 908 (1979), *overruled on other grounds by Pirone v. MacMillan, Inc.*, 894 F.2d 579 (2d Cir. 1990); *see also Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95 (9th Cir. 1982). The Declaratory Judgment Act provides that district courts "may" exercise jurisdiction of a declaratory relief action under 28 U.S.C. § 2201. When a party files an anticipatory declaratory relief lawsuit for purposes of forum shopping, courts will exercise their discretion to dismiss the lawsuit. In particular, where the declaratory relief plaintiff has received a notice of suit letter or is otherwise aware that an infringement suit will be filed against it, the declaratory judgment action has been held to be anticipatory conduct, and dismissed in favor of a later-filed action by the true plaintiff. *See, e.g., CGI Solutions, LLC v. SailTime Licensing Group, LLC*, 2005 U.S. Dist. LEXIS 28878 (S.D.N.Y. 2005) (dismissing first-filed mirror image declaratory relief action where plaintiff had notice of

3

suit, including request for information relevant to damages); *Chicago Ins. Co. v. Holzer*, 2000 U.S. Dist. LEXIS 8327 (S.D.N.Y. 2000) (dismissing first-filed declaratory judgment action where plaintiff "had knowledge of an imminent suit"); *Mondo, Inc. v. Spitz*, 1998 U.S. Dist. LEXIS 369 (S.D.N.Y. 1998) (dismissing first-filed declaratory judgment action as "anticipatory litigation" where plaintiff received letter setting out bases of defendant's legal claims).

The courts are particularly likely to dismiss anticipatory suits when an alleged infringer has delayed an infringement action by misleading its adversary about the need for settlement negotiations. *E.g., Xoxide, Inc. v. Ford Motor Co.,* 448 F. Supp. 2d 1188, 1193 (C.D. Cal 2006) (dismissing declaratory relief action where plaintiff responded to settlement overtures by "secretly filing a lawsuit in Los Angeles while giving the impression to [defendant's] representatives that it was making its best efforts to negotiate a settlement of the dispute"); *Z-Line Designs, Inc. v, Bell'O Int'l, LLC*, 218 F.R.D. 663, 666 (N.D. Cal. 2003) (dismissing first-filed action in light of "misleading communications" from plaintiff, noting, "by accepting Bell'O's offer to extend the deadline for settlement twice, Z-Line also tacitly accepted that it was willing to explore settlement"); *KMart Corp. v. Key Indus., Inc.,* 877 F. Supp. 1048, 1053 (E.D. Mich. 1994) ("The critical issue appears to be whether the plaintiff in the earlier-filed declaratory action misled the defendant into believing that their dispute could be resolved amicably so that the plaintiff could win the race to the courthouse and therefore choose the forum for the dispute."); *Gianni Sport Ltd. v. Metallica*, 2000 WL 1773511, *4-5 (S.D.N.Y. Dec. 4, 2000) (dismissing anticipatory declaratory judgment action filed nine months after initial threat to sue while settlement discussions taking place in the interim). Here, from the day Levi Strauss sent its cease and desist letter, Revise did nothing but request settlement opportunities and implore Levi Strauss to hold off on litigation, pretending – right up until filing its lawsuit – that

4

international travel by Revise's principals and vacations by counsel precluded immediate progress, and that litigation would throw Revise into bankruptcy.

It only makes sense to dismiss anticipatory filings such as Revise made here. Parties must be encouraged – where possible – to settle their disputes before litigation. Over the last decade, Levi Strauss has initiated hundreds of cease and desist efforts, of which only approximately one-quarter turned into lawsuits; the rest were resolved without litigation. Seibel Decl., ¶ 13. If Revise's subterfuge is rewarded, parties like Levi Strauss – which must guard their trademarks vigilantly – will need to initiate litigation before starting settlement discussions in order to avoid being blindsided by declaratory judgment actions. This is not the purpose of the Declaratory Judgment Act. *See CGI Solutions*, 2005 U.S. Dist. LEXIS 28878 at *13 (to penalize defendant for having failed to file suit immediately "would contravene the judiciary's policy of encouraging settlement between adversaries"); *S&S Candies, Inc. v. Hershey Foods Corp.,* 2000 U.S. Dist. LEXIS 13975 at *4 (S.D.N.Y. 2000) ("Allowing this case to proceed in the Southern District of New York would unfairly penalize Hershey for its attempts to settle its dispute with S&S without resorting to litigation."). "'Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing' before the plaintiff files a complaint." *Capitol Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992) (citation omitted).

There is no question that Revise knew there was a concrete and imminent plan for Levi Strauss to file its infringement action if the parties could not settle. Revise's counsel acknowledged as much in his duplicitous correspondence seeking more time to discuss

5

settlement. He stated: "In our discussion you further reiterated that your client is aggressive in pursuing trademark infringements and I assure you that I believe you. As I mentioned, I am aware of many Levi's actions over the years in addition to several recent infringement suits, notices for which were filed in the trademark office." Seibel Decl., Ex. D. Indeed, Mr. Troy's most recent letter acknowledges that this action was filed "in response to what we considered a serious threat of litigation." Seibel Decl., Ex. G. Courts routinely dismiss first-filed declaratory relief actions to avoid such bad faith and gamesmanship in negotiations. *See Federal Ins. Co. v. May Dep't Stores Co.,* 808 F. Supp 347, 350 (S.D.N.Y. 1992) ("misuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the principal action militates in favor of dismissing the declaratory judgment action"); *see also K-Swiss, Inc. v. Puma AG Rudolf Dassler Sport,* 2009 U.S. Dist LEXIS 64723, *5-7 (C.D. Cal. 2009) (same).1

### B.     There Is No Added Convenience To The Southern District of New York

If great convenience is achieved by honoring the forum where an anticipatory or infringement action has been filed, courts will consider that factor whether or not the action has been filed first. *Z-Line Designs,* 218 F.R.D. at 667 ("[a] court may relax the 'first to file' rule if the balance of convenience weighs in favor of the later-filed action"); *Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D. Cal.1994) (considering the convenience achieved by allowing the

---

1 The "first-filed" rule, in any event, carries little weight where the two actions are filed close in time. *See Capitol Records*, 810 F. Supp. at 1355 ("the date of filing is less important when the competing actions are filed within a short period of time," in that case 20 days); *Z-Line Designs,* 218 F.R.D. at 667 ("the importance of the earlier filing date is diminished" where the time period between the two filings is short, in that case two days; citing cases). Here, only one day separated the filing of the two complaints.

6

anticipatory filing to move forward in an Illinois court). Here, Revise can show no particular convenience that would be served by the court's exercise of jurisdiction over its anticipatory action. Revise is headquartered in New Jersey. Complaint at 2. Its counsel is located in Vermont. Complaint at 1. Levi Strauss's investigation has indicated that Revise sells its "Vanilla Star" brand throughout the country, at retail stores like Sears and on-line stores like Amazon.com. Seibel Decl., ¶ 7.

Levi Strauss is located in San Francisco, California. All of its documents are located there. Alleged infringers routinely request to review thousands of oversized advertisements and other documents in litigation regarding the Company's marks. If a case is not resolved, they routinely depose between four and six witnesses, all located in San Francisco. Seibel Decl., ¶ 14. Levi Strauss will have the burden of proof at trial and is likely to call more witnesses to testify live. If anything, on balance, the Northern District of California is more convenient than the Southern District of New York, which is not even the home district for Revise or its counsel.

### C. Alternatively, This Action Should Be Stayed or Transferred To The Northern District of California

There is no benefit to a multiplicity of actions. *See Falconwood Financial Corp. v. Griffin,* 838 F. Supp. 836, 842 (S.D.N.Y. 1993) (noting "the private and public economy of avoiding multiple cases on the same issues"); *see also Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26 (1960) ("to permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to . . . wastefulness of time, energy and money"). If not dismissed as an anticipatory suit, this action should either be transferred under 28 U.S.C. § 1404(a) to the Northern District of California for consolidation with Levi Strauss's affirmative action, or stayed until the California action is resolved. *See Great American Ins. Co. v. Houston Gen. Ins. Co.,* 735 F. Supp. 581, 586-587 (S.D.N.Y. 1990)

7

(court hearing declaratory relief action may defer to court in which principal action subsequently was filed); *Budget Rent-a-Car Corp. v. Miljack, Inc.,* 760 F. Supp. 135, 136-37 (N.D. Ill. 1991) (noting that the Declaratory Judgment Act "gives a district court the discretion to decline to hear an action which seeks declaratory relief," and staying the federal declaratory relief action pending resolution of later-filed action because the declaratory relief action was preemptive); s*ee also Cannavo v. Enterprise Messaging Servs., Inc.,* 982 F.Supp. 54, 59 (D. Mass. 1997) ("[e]ven without explicit statutory authority to do so, a court, in its sound discretion, may stay any case pending before it as an exercise of its inherent power to control its own docket").

### III.    CONCLUSION

For the foregoing reasons, Defendant Levi Strauss respectfully requests that Revise's Declaratory Relief action be dismissed in its entirety or, alternatively, stayed or transferred to the Northern District of California.

Dated: New York, New York  **KILPATRICK STOCKTON LLP**
August 16, 2010

By: __/ Joseph Petersen/_____

Joseph Petersen (JP-9071)
31 West 52nd Street, 14th Floor
New York, New York  10019
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
jpetersen@kilpatrickstockton.com

TOWNSEND AND TOWNSEND AND CREW LLP
Gregory S. Gilchrist
(*pro hac vice* application to be submitted)
Gia L. Cincone
(*pro hac vice* application to be submitted)
Two Embarcadero Center Eighth Floor
San Francisco, CA  94111
Telephone:  (415) 576-0200
Facsimile:  (415) 576-0300
gsgilchrist@townsend.com
glcincone@townsend.com

*Attorneys for Defendant*
*LEVI STRAUSS & CO.*